**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **JAMIE FLETCHER JR.,** § | |
| Petitioner, § | |
| § | |
| V. § | **CIVIL NO. A-07-CA-173-LY** |
| § | |
| **NATHANIEL QUARTERMAN,** § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Petitioner's Memorandum of Law in Support (Document 2). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

<u>DISCUSSION</u>

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 299th Judicial District Court of Travis County, Texas. Petitioner asserts he was convicted of Attempted Aggravated Sexual Assault under the habitual offender's statute on March 19, 1986. As a result, he was sentenced to 60 years in prison. Petitioner does not challenge his holding conviction.

Rather, he challenges the fact he has not been released on parole. Petitioner admits he has not filed a state habeas application regarding his claims.

## ANALYSIS

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)(citing, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 1127 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056,

1059 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522, 102 S. Ct. at 1205. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. See, Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement. Accordingly, Petitioner's Application for Writ of Habeas Corpus should be dismissed without prejudice.

## RECOMMENDATION

It is, therefore, recommended that Petitioner's Application for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of March, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE